IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DONALD G. HOLMES, JR.,

    Plaintiff,

vs.                        No. 01-2873-Bre/P

D. TAYLOR, et al.,

    Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
AND
ORDER DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT

---

On October 25, 2004, Defendants Dora Taylor, Trevis Mathews, Odell Underwood, and Shelby County filed a motion to enforce the voluntary settlement agreement entered into by plaintiff and the defendants prior to the commencement of a pre-trial conference on May 20, 2004. Defendants' motion is supported by the affidavit of Fred Jones, former Assistant Shelby County Attorney, who represented the defendants until September of 2004, along with attached exhibits: Exhibit A, plaintiff's typewritten settlement agreement; Exhibit B, the re-typed agreement executed by the defendants; and Exhibit C, the settlement check.

Plaintiff initially failed to respond to the defendants' motion. Plaintiff then retained counsel who filed a response on November 19, 2004. Attached to plaintiff's response are six exhibits: Exhibit A, a psychiatric record of Dr. W.C. Dewey, dated

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-26-05

(192)

May 29, 2003; Exhibits B and C, office notes of Romell Cowans, case manager at Whitehaven Mental Health Center, dated June 23, 2003 and October 17, 2003; Exhibit D, an unsigned, undated decision of an Administrative Law Judge (ALJ) regarding plaintiff's hearing on an application for Supplemental Security Income (SSI); Exhibit E, a copy of the second attempted deposition of plaintiff Holmes, dated March 11, 2002;[1] and Exhibit F, a letter dated April 1, 2004, from defense counsel advising plaintiff that no counteroffer would be made to plaintiff's settlement offer of $50,0000 submitted on November 24, 2003.

On December 1, 2004, the defendants filed a motion to strike plaintiff's response.  Defendants object to the unauthenticated exhibits attached to plaintiff's response and the lack of an affidavit to support the allegations contained in the response. Plaintiff has not replied to the defendants' motion to strike. Absent an affidavit of the records custodian, Plaintiff's Exhibits A, B, C and D, fail to comply with the requirements of Rules 803(4) and (6) and 901 of the Federal Rules of Evidence and are inadmissible hearsay.  Exhibits A, B, C, and the records to which exhibit D refers are from November of 2002 and May, June, and October of 2003.  The records, even if properly authenticated, do

---

[1] The deposition is already contained in the record. The first and second attempted depositions of plaintiff were filed by defense counsel on March 14, 2002, as exhibits to defendants' response to plaintiff's pro se motion, filed on March 7, 2002, to compel/restrain defense counsel from threatening or intimidating plaintiff. (Docket entries 30, 31, 41)

2

not pertain to and are insufficient to establish plaintiff's mental health or state of mind on May 20, 2004.[2]

For the record, the Court notes that the second attempted deposition of plaintiff occurred on March 11, 2002. Defense counsel's attempts to take the plaintiff's deposition were discussed at a status conference held before Judge Samuel H. Mays on August 9, 2002. At that time, plaintiff had been released from the Jail and appeared pro se, having been unsuccessful in retaining an attorney. Judge Mays determined, after allowing plaintiff to address the Court, that Holmes' motion and complaints were not, in actuality, about intimidation or threats by defense counsel, but rather, a request that defense counsel treat him with respect. The conflict was resolved by plaintiff and defense counsel agreeing to treat each other with more respect.

Subsequently, plaintiff, both pro se and through counsel, filed numerous motions. The record reflects no motions filed by plaintiff or counsel from August 9, 2002 through May 20, 2004, which raise any issue of allegedly inappropriate conduct by defense

---

[2] The allegations of mental incompetence, diminished mental state, and inability to reason which are contained in plaintiff's response are untenable and belied by the record before this Court. Plaintiff filed this case on October 25, 2001. Although plaintiff has been represented by four different attorneys at various stages of this litigation, he capably filed the vast majority of motions and pleadings while proceeding pro se. The Administrative Law Judge concluded, and the Court agrees, that plaintiff suffers moderate restrictions in social functioning and an inability to relate appropriately. However, the conclusion by the ALJ, that plaintiff's mental impairment produces a marked restriction in his ability for concentration, persistence, and pace, is refuted by plaintiff's prolific pro se filings and dogged persistence in litigating this case for over three years. Furthermore, the case was set for trial on June 1, 2004, twelve days after the pre-trial conference. Plaintiff did not seek to continue that trial date based upon his health.

counsel. The parties, by virtue of their positions, are adversaries. The allegations of intimidation and threats which are contained in plaintiff's response to the motion to enforce the settlement are unsupported by the record. It is apparent that plaintiff has failed to inform present counsel, his fourth attorney in this matter, of the resolution of his complaint during proceedings held in open court. Furthermore, Plaintiff has not filed any affidavit attesting to facts which support any inference that the allegations contained in this response are for events or conduct which occurred after August 9, 2002.[3]

Accordingly, the Court has determined that defendant's motion to strike, while well-founded, need not be ruled upon before the determination of the motion to enforce the settlement. Even should the Court consider the exhibits, including the hearsay of the unauthenticated medical records and SSI decision, the response and exhibits are insufficient to demonstrate a dispute as to plaintiff's entry into, or the terms of, the settlement agreement. Furthermore, after reviewing the response and the exhibits, the Court determines that no hearing is necessary on the motion to enforce because there is no genuine dispute that a settlement of all material terms was agreed to by the parties.

---

[3] Although the mental health notes attached as exhibits contain references to plaintiff's complaints about appearing in federal court, complaints about having to fire his lawyer, the accusations against the fired lawyer, as well as plaintiff being overwhelmed over unspecified legal problems, the notes contain no complaints or references to the conduct of defense counsel.

4

Plaintiff was present on May 20, 2004, when defense counsel announced to the Court that plaintiff had tendered an offer which he believed would be accepted by the defendants. All parties understood that a settlement had been agreed upon pending approval by the individual defendants. Based upon that agreement and understanding, the Court continued the trial set for June 1, 2004. Defense counsel thereafter notified plaintiff that his clients accepted his offer. Plaintiff then submitted a typewritten "Compromise and Settlement Agreement"[4] to defense counsel which outlined the terms of the settlement, including a payment of six dollars and sixty-six cents ($6.66). (See Exhibit A to affidavit of Fred Jones)  Defense counsel retyped the agreement to include the names of all defendants and to correct grammatical errors. (See Exhibit B to affidavit of Fred Jones) All defendants executed the document between May 27 and June 1, 2004. The requested check was prepared on May 26, 2004. (See Exhibit C to affidavit of Fred Jones)

Plaintiff did not go to defense counsel's office to sign the settlement document and pick up the check. (Affidavit of Fred Jones, para. 8) Plaintiff quit communicating with defense counsel. (Id.) At an unspecified date, plaintiff notified defense counsel that he was renouncing the settlement. (Id.)  At a status

---

[4] Although the settlement agreement is unsigned, the typeface and appearance of the document are identical to many of plaintiff's typed pro se pleadings.

5

conference on July 29, 2004, defense counsel announced to the Court that plaintiff had renounced the settlement agreement. Plaintiff renewed his request for appointed counsel. The Court denied the request and reset the case for trial. The defendants subsequently filed this motion.

Public policy favors settling cases without litigation, and settlement agreements should be upheld whenever it is equitable to do so. Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1976). District courts have the inherent power to enforce settlement agreements entered into by parties litigating in a pending case. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992); Aro Corp., 531 F.2d at 1370 (citing Kukla v. National Distillers Products Co., 483 F.2d 619, 621 (6th Cir. 1973). This power extends to enforcement of oral settlement agreements which are made off the record and not in the presence of the court. Bowater N. Am. Corp. v. Murray Machine, Inc., 773 F.2d 71, 76-77 (6th Cir. 1985).

Summary enforcement of a settlement agreement, without holding an evidentiary hearing, is proper when the parties do not dispute material facts pertaining to the existence or terms of a settlement agreement. Kukla, 483 F.2d at 621-22. In order to enforce the agreement, the district court must find that the parties have agreed on all material terms of the settlement. Brock v. Scheuner, 841 F.2d 151, 154 (6th Cir. 1988).

6

The case was set for trial June 1, 2004. Defense counsel had indicated no settlement offer was forthcoming from the defendants and he did not initiate the proposed settlement. Plaintiff proposed the settlement on May 20, 2004. At the pre-trial conference before the Court, Plaintiff did not contradict defense counsel's announcement that the matter was settled pending the approval of counsel's clients. Plaintiff did not indicate that any matters remained unresolved. Likewise, he did not indicate any displeasure with or undue stress from the settlement negotiations. Plaintiff's response to defendants' motion to enforce the settlement contains no affidavit or exhibit in which plaintiff denies that he proposed the terms set forth in Defendants' Exhibits A and B, denies that he agreed to settle his case with defense counsel prior to the pre-trial conference, or denies that he drafted Exhibit A.

Summary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress. <u>Aro Corp</u>, 531 F.2d at 1372. Plaintiff contends that the negotiations occurred during a "heated discussion" in which he "arbitrarily stated" the "dollar amount of $6.66." Plaintiff implies by unsupported allegations that he agreed to the settlement as a result of duress or intimidation, however, the record and plaintiff's response do not evidence any duress or intimidation.

7

Plaintiff did not indicate to the Court on May 24, 2004, or any time prior to the notification of the defendants' acceptance of his offer, that his settlement offer was made in anger or jest, under duress, or as a result of illness or fraud. He has produced no affidavit or medical records indicating he received psychiatric treatment or hospitalization shortly before or after the conference on May 20, 2004. Neither does plaintiff produce any affidavit or evidence demonstrating that he attempted to withdraw or renounce the terms of his agreement, for any reason, at any time prior to the defendants' acceptance of his offer.

Upon notification by defense counsel that the defendants agreed to his terms, plaintiff typed a document containing his terms and submitted it to defense counsel for the defendants' signatures. Thus, the objective acts of defense counsel and plaintiff after the pre-trial conference reflect that all essential terms had been agreed upon by the parties and all that remained was to put the agreement in writing. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement. Brock, 841 F.2d at 154.

Accordingly, Defendants' motion to enforce the settlement is GRANTED. The motion to strike is DENIED as MOOT. Plaintiff is ORDERED to sign the necessary documents to effectuate the settlement agreement within eleven (11) days of the entry of this

order. Upon the completion of documents and the transfer of funds, the parties are ORDERED to submit for approval a joint order of dismissal. Failure of the Plaintiff to comply with this order shall result in a dismissal of his lawsuit without further notice.

IT IS SO ORDERED this 25th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 192 in case 2:01-CV-02873 was distributed by fax, mail, or direct printing on April 26, 2005 to the parties listed.

---

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Donald G. Holmes
3669 Egelsfields Dr.
Apt. 4
Memphis, TN 38116

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
100 N. Main Bldg.
Ste. 3015
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT