FILED BY W/VE D.C.

05 JUL -7 PM 5: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DONALD G. HOLMES, JR.,

    Plaintiff,

v.    No. 01-2873

SHELBY COUNTY GOVERNMENT and
SERGEANT D. TAYLOR, et al.,

    Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

On October 25, 2001, the Plaintiff, Donald G. Holmes, Jr., initiated this action against the Defendants. After several years of litigation, the parties agreed to settle the case. Thereafter, the Defendants filed a motion to enforce the voluntary settlement agreement. The Court granted the Defendants' motion on April 26, 2005 and ordered the Plaintiff to sign the necessary documents to effectuate the agreement within eleven days. After the Plaintiff failed to comply with the Court's order, the Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On May 23, 2005, the Court ordered the Plaintiff to show cause why his lawsuit should not be dismissed based on his failure to comply with the Court's order. To date, according to the Court's docket, Plaintiff has not responded to the Court's show cause order nor complied with the April 26 order.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss

a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has made no effort whatsoever to comply with the Court's orders. Holmes has not responded to the Court's order to execute the settlement documents or its order to show cause why his case should not be dismissed. Furthermore, in ruling on the Defendants' motion to enforce the settlement, the Court explicitly warned the Plaintiff that his case would be dismissed if he failed to comply with its order. Moreover, the Court again, in an order to show cause, cautioned the Plaintiff that failure to respond to the Court's directive would result in dismissal of his claims. Under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to follow the Court's directives. Giving the Plaintiff additional time to comply with the Court's orders would be futile because Holmes appears to have abandoned his claims against the Defendants. Accordingly, the Court concludes that dismissal of Plaintiff's claims is appropriate.

Based on the foregoing, the Plaintiff's lawsuit against the Defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 7th day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 196 in case 2:01-CV-02873 was distributed by fax, mail, or direct printing on July 8, 2005 to the parties listed.

---

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
100 N. Main Bldg.
Ste. 3015
Memphis, TN 38103

Donald G. Holmes
3669 Egelsfields Dr.
Apt. 4
Memphis, TN 38116

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT